## (April 11, 1966)

■ ROSE ASPREA, Respondent, v. ROYAL INDEMNITY COMPANY, INC., Appellant.— In an action to recover upon a contract of marine insurance, defendant appeals from a judgment of the Supreme Court, Nassau County, entered August 7, 1964, in favor of plaintiff after a nonjury trial. Judgment reversed, on the law and the facts, and new trial granted, with costs to abide the event. The findings of fact of the Trial Term in support of its decision are reversed. In our opinion, the judgment and the findings of Trial Term were contrary to the weight of the credible evidence. The credible evidence established that plaintiff's son, who was the registered owner of the vessel (Navigation Law, § 71), and not the plaintiff, was its owner at the time of the loss and at the time plaintiff claimed that the contract of insurance was issued by defendant. Plaintiff's son was judgment-laden and plaintiff's proof, tending to show that her son had transferred the ownership of the vessel to her in satisfaction of a debt of $8,000 some time prior to the loss and the claimed issuance of insurance, was highly suspect and vulnerable. In addition, defendant's proof established that plaintiff's son had ordered and paid for work performed on the vessel and had stated that the vessel was his subsequent to the time when plaintiff contended that title had been transferred. Hence,

the credible evidence did not demonstrate that plaintiff was the owner of the vessel; and the judgment in her favor must be reversed as against the weight of the credible evidence. Brennan, Acting P. J., Hill, Rabin, Hopkins and Benjamin, JJ., concur.